

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ROBERT S COHEN | Case Number: 16SL-CC01257 |
|---|---|
| Plaintiff/Petitioner:<br>NORWOOD-REDFIELD APARTMENTS LIMITED PARTNERSHIP<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICHOLAS ANTHONY FRANKE<br>P O BOX 270592<br>ST LOUIS, MO 63127-0592 |
| Defendant/Respondent:<br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: AMERICAN FAMILY MUTUAL INSURANCE COMPANY
Alias:
SERVE: MISSOURI DIRECTOR OF INSURANCE
301 WEST HIGH STREET
ROOM 530
JEFFERSON CITY, MO 65101



COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

06-APR-2016
Date                                                                                              _____
                                                                                                              Clerk

Further Information:
ALD

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server                                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____             _____
                                              Date                                             Notary Public

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 16-SMCC-2442**     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                                54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**EXHIBIT 1**

| | | | |
|---|---|---|---|
| **Sheriff's Fees, if applicable** | | | |
| Summons | $_____ | | |
| Non Est | $_____ | | |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ | | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) | |
| **Total** | $_____ | | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-2442**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

### IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| NORWOOD-REDFIELD APARTMENTS ) <br> LIMITED PARTNERSHIP, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> AMERICAN FAMILY MUTUAL ) <br> INSURANCE COMPANY, a Wisconsin ) <br> corporation, ) <br> ) <br> Serve: Missouri Director of Insurance ) <br> 301 West High Street, Room 530 ) <br> Jefferson City, MO 65101 ) <br> Telephone: (573) 751-2619 ) <br> ) <br> Defendant. ) | Cause No. _____ <br><br> Division No. _____ |

### PETITION FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Norwood-Redfield Apartments Limited Partnership ("Plaintiff"), by and through its undersigned attorneys of record, and for its claims against Defendant American Family Mutual Insurance Company, a Wisconsin corporation ("Defendant") alleges the following:

1. Plaintiff is a limited partnership organized and in good standing under the laws of the State of Illinois. Its principal place of business is in the County of St. Louis within the State of Missouri.

2. Defendant is a corporation organized under the laws of the State of Wisconsin which is authorized to provide insurance within the State of Missouri and does actually engage in that business in the State of Missouri.

3. Jurisdiction of this action is proper in the State of Missouri pursuant to Section 375.251 of the Revised Statutes of Missouri and other provisions of law because it involves

-1-

Defendant's sale of insurance within that State, its breach of that contract of insurance and other actions within the State of Missouri.

4. Venue of this action properly lies in the County of St. Louis, State of Missouri because Defendant sold a contract of insurance and otherwise transacted business in that County. Further, the property of Plaintiff insured by Defendant is situated within the County of St. Louis and the loss to that property and Plaintiff occurred within that County.

5. Plaintiff demands a jury trial on all issues.

## COUNT I

## BREACH OF CONTRACT (Total Loss)

6. Plaintiff hereby incorporates by reference Paragraphs 1 through 5, inclusive, as if fully set out herein.

7. On or about September 11, 2010, Defendant sold and provided a policy of insurance to Plaintiff contained in a document entitled, "Businessowners Policy," and given Policy Number 24X5335935 ("Businessowners Policy").

8. The Businessowners Policy constituted a written contract enforceable between Plaintiff and Defendant.

9. Pursuant to the Businessowners Policy, Defendant agreed to provide insurance coverage for real property owned by Plaintiff and commonly known as "Norstead Walk Apartments" in the event of fire or other casualties to the property that occurred between September 11, 2010 and September 11, 2011 ("Covered Period"). The Businessowners Policy declaration pages provide, among other things, (a) coverage on buildings in the amount of $31,773,600; and (b) business income coverage for the actual loss sustained.

10. Plaintiff paid Defendant approximately $103,800 in premiums for Defendant's promise to provide the insurance coverages contained in the Businessowners Policy for the Covered Period and Defendant performed all of its obligations under that written contract.

11. On December 18, 2010, an accidental fire destroyed one of Plaintiff's buildings in the Norstead Walk Apartments commonly known as Building 7 at 7236 Norstead Walk and 7260 Woodstead Court, in Normandy, Missouri 63121 ("Building 7") and damaged two additional buildings in the Norstead Walk Apartments generally referred to as Building 6 and Building 9. The fire destroying Building 7 and damaging Building 6 and Building 9 was a peril insured against by the Businessowners Policy.

12. Immediately prior to the fire, Building 6, Building 7 and Building 9 were habitable and the apartments in that building were leased to tenants. Immediately after the fire the apartments were uninhabitable and Plaintiff suffered lost rent revenues and other income as a direct result of the fire.

13. The Businessowners Policy was in full force and effect at the time of the fire.

14. Plaintiff requested Defendant to pay all the benefits provided by the Businessowners Policy as a result of that fire within thirty (30) days of its occurrence, but Plaintiff refused and made only four partial payments on account of the fire loss to the Norstead Walk Apartments: (a) January 31, 2011, a payment of $95,656.51 was made to Denny Hornbeck Construction for "demo/debris removal" related to Building 9; (b) February 1, 2011, a payment of $911.00 was made to Kreher Engineering, Inc. for its inspection of the fire damage and its report; (c) February 14, 2011, a payment of $86,250.00 was made to Denny Hornbeck Construction for "demo/debris removal" related to Building 6 and Building 7; and (d) March 21, 2011, a partial payment of $1,382,587.77 was made to Plaintiff.

15. Defendant withheld $995,518.30 for depreciation from amounts due to Plaintiff in violation of 379.140 of the Revised Statutes of Missouri. A portion of the amount withheld by Defendant was eventually paid to Plaintiff, however as of this date, Defendant has failed to pay Plaintiff the amounts due under the Businessowners Policy or to compensate Plaintiff for the delay in those payments.

16. Defendant refused to pay for supervisory and labor fees Plaintiff incurred to Denny Hornbeck Construction in the amount of $199,264.80 and represented by Invoice Number 2013-171, which were amounts due from Defendant pursuant to the Businessowners Policy in 2013.

17. The Norstead Walk Apartments fire caused a "total loss" within the meaning of Missouri's "Valued Policy Statutes," Sections 379.140 and 379.160.3 of the Revised Statutes of Missouri, which were statutes in full force and effect at all times relevant hereto.

18. Building 7 was insured by Defendant against fire in the amount of $31,773,600 pursuant to a Blanket Coverage Endorsement and declarations included as part of the Businessowners Policy.

19. Building 7 was worth $31,773,600 at the time the Businessowners Policy was issued on September 11, 2010.

20. No depreciation in the value of Building 7 occurred between the time the Businessowners Policy was issued on September 11, 2010 and the fire loss on December 18, 2010.

21. Defendant is prevented by Section 379.140 of the Revised Statutes of Missouri from denying that Building 7 was worth $31,773,600 and insured by Defendant for that amount.

22. Defendant's failure to pay Plaintiff the sum of $31,773,600 within thirty (30) days of the fire loss constituted a breach of the written contract known as the Businessowners Policy.

23. Plaintiff has been forced to incur public adjuster and attorneys' fees and costs as a direct result of Defendant's breach of the Businessowners Policy.

## COUNT II

### VEXATIOUS REFUSAL TO PAY

24. Plaintiff hereby incorporates by reference Paragraphs 1 through 23, inclusive, as if fully set out herein.

25. Plaintiff made demand on Defendant for payment of amounts due under the Businessowners Policy within two days of the Norstead Walk Apartments fire loss, and by no later than December 20, 2010, which was more than thirty days prior to the commencement of this action.

26. Defendant repudiated its obligations to pay the amounts it owes pursuant to the Businessowners Policy on account of the Norstead Walk Apartments fire loss wilfully, vexatiously and without reasonable cause or excuse based on the facts that would appear to a reasonable and prudent person, in violation of Sections 375.296 and 375.420 of the Revised Statutes of Missouri.

27. Defendant has refused to comply with its obligations under the Businessowners Policy by refusing to pay Plaintiff the amount owed for Defendant's own benefits including but not limited to the interest and other investment return it obtains on the funds owed to Plaintiff but which Defendant has vexatiously refused to pay.

28.  Plaintiff has been and continues to be forced to incur public adjuster and attorneys' fees and costs in seeking to compel Defendant to pay the amounts it owes under the Businessowners Policy.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury pursuant to the Missouri Constitution and the Statutes of the State of Missouri of all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, based upon the foregoing and the evidence to be adduced in this matter, Plaintiff Norwood-Redfield Apartments Limited Partnership hereby requests judgment in its favor and against Defendant American Family Mutual Insurance Company as follows:

A. On Count I of the Petition, for actual damages in the amount of $31,773,600, plus prejudgment interest on the amount of actual damages at the rate of nine percent per annum pursuant to R.S. Mo. §408.020 from January 20, 2011 through date of entry of judgment;

B. On Count II of the Petition, for additional damages in a fair and reasonable amount to be determined by the trier of fact not to exceed $3,177,510, plus prejudgment interest on the amount of damages at the rate of nine percent per annum pursuant to R.S. Mo. §408.020 from January 20, 2011 through date of entry of judgment, attorneys' fees and costs; and

C. On all Counts of the Petition, for costs of action and such other and further amounts as the trier of fact and Court shall deem just and reasonable.

DATED: April 5, 2016.                    THE FRANKE LAW FIRM LLC


/s/ Nicholas A. Franke
Nicholas A. Franke    # 37402MO
nfranke@frankelawfirm.com
P.O. Box 270592
Saint Louis, Missouri 63128
(314) 458-6331 (Telephone)
(314) 480-7234 (Facsimile)

ATTORNEYS FOR PLAINTIFF



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: | Case Number: 16SL-CC01257 |
|---|---|
| ROBERT S COHEN | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| NORWOOD-REDFIELD APARTMENTS LIMITED PARTNERSHIP | NICHOLAS ANTHONY FRANKE<br>P O BOX 270592<br>ST LOUIS, MO 63127-0592 |
| vs. | |
| Defendant/Respondent: | Court Address: |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY | ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit: | |
| CC Breach of Contract | (Date File Stamp) |

**RECEIVED APR 11 2016 COLE COUNTY SHERIFF'S OFFICE**

**FILED APR 19 2016 JOAN M. GILMER CIRCUIT CLERK, ST. LOUIS COUNTY**

## Summons in Civil Case

The State of Missouri to: AMERICAN FAMILY MUTUAL INSURANCE COMPANY
Alias:
SERVE: MISSOURI DIRECTOR OF INSURANCE
301 WEST HIGH STREET
ROOM 530
JEFFERSON CITY, MO

**COURT SEAL OF ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

06-APR-2016
Date

_____ Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to **K. LATIMER** (name) **Designee** (title).

☐ other _____

Served at **301 W. HIGH** (address)
in **COLE** (County/City of St. Louis), MO, on **4/12/16** (date) at **2:15 PM** (time).

**GREG WHITE**                     _by P. Chr__72_
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
                        Date             Notary Public



| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 16-SMCC-2442**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A pro[redacted] designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

### Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 16-SMCC-2442**   4   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo