UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORWOOD-REDFIELD APARTMENTS LIMITED PARTNERSHIP, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:16-CV-639 (CEJ) |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant American Family Mutual Insurance Company to strike the declaration of Nicholas A. Franke. Plaintiff has responded in opposition and the issues are fully briefed.

Defendant filed a motion for partial summary judgment on the issue of whether the Missouri valued policy statutes apply to plaintiff's claims in this case. Attached to plaintiff's memorandum in opposition was a declaration [Doc. #29-1] made by plaintiff's counsel, Nicholas A. Franke. The declaration recites conversations between counsel for the parties and statements made by defendant's counsel during the Rule 16 conference. Defendant moves to strike the declaration by Franke because it is unsigned and consists of inadmissible hearsay.

Defendant first argues that the declaration does not comply with 28 U.S.C. § 1746 because it is only marked with "/s/" by the declarant. Section 1746 provides a method by which an unsworn declaration may be utilized as an alternative to an affidavit. Local Rule 11-2.11 of the United States District Court for the Eastern

District of Missouri provide that the use of an attorney's electronic filing login and password to file a pleading, motion, memorandum or other document constitutes the signature of that attorney on that document for all purposes. E.D. Mo. L.R. 11-2.11. Franke filed the memorandum in opposition, as well as the disputed declaration, under his electronic filing account. Thus, pursuant to the local rules Franke's declaration is signed. Because Franke submitted a sworn affidavit, §1746 is inapplicable. Dahhane v. Stanton, No. 15-CV-1229 (PJS/BRT), 2016 WL 4257536, at *2 (D. Minn. Aug. 12, 2016) (citing Jenkins v. Winter, 540 F.3d 742, 747 (8th Cir. 2008)).

Defendant also argues that the Court should strike the declaration of Franke because it constitutes inadmissible hearsay. The Federal Rules provide that an affidavit or declaration used to support or oppose a motion must set out facts that would be admissible in evidence. Fed. R. Civ. P. 56. There is no dispute that the declaration includes hearsay under Federal Rule of Evidence 801(c). Federal Rule of Evidence 801(d)(2)(D) provides that a statement offered against an opposing party and made by the party's agent on a matter within the scope of that relationship and while it existed is not hearsay. Fed. R. Evid. 801(d)(2)(D). The attorney was acting as the party's agent on a matter within the scope of a still-existing relationship. See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 585 (U.S. 1990) (holding that an attorney acts as an agent of their client). The statement at issue was made by the agent of an opposing party and is offered against the opposing party. Thus, the challenged declaration falls within the hearsay exception pursuant to Fed. R. Evid. 801(d)(2)(D) and is admissible as an attachment to plaintiff's memorandum in opposition.

\* \* \* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike [Doc. #31] is **denied**.

                                                    _____
                                                  CAROL E. JACKSON
                                                  UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2017.