UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NORWOOD-REDFIELD APARTMENTS )
LIMITED PARTNERSHIP, )
)
    Plaintiff, )
)
    vs. ) No. 4:16-CV-639 (CEJ)
)
AMERICAN FAMILY MUTUAL )
INSURANCE COMPANY, )
)
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(a). Plaintiff has responded in opposition, and the issues are fully briefed.

### I. Background

Plaintiff Norwood-Redfield Apartments Limited Partnership brings this action against defendant American Family Mutual Insurance Company for breach of contract and vexatious refusal to pay a claim under a business owners' policy of insurance. Plaintiff owns an apartment complex consisting of 32 separate buildings covered by the policy. After a fire damaged Buildings 6, 7, and 9, plaintiff submitted a claim. Defendant made payments under the policy totaling $2,897,896.90. Plaintiff contends that because the fire completely destroyed Building 7, there was a "total loss" within the meaning of Missouri's valued policy statutes. Plaintiff also contends that Building 7 was insured for $31,773,600 under the policy's Blanket Coverage Endorsement, which provides as follows:

> The most we will pay for loss or damage in any one occurrence is the applicable Limit of Insurance shown in the Declarations. When a coverage is Blanket, the Limit of Insurance shown in the Declarations applies to all the premises described in the Declarations for that coverage. All policy and endorsement language that refers to the Limit of Insurance shown in the Declarations also applies to any Blanket Coverage Limit of Insurance.

[Doc. #27, ¶ 18].

In the instant motion, defendant argues that the Blanket Coverage Endorsement does not entitle plaintiff to recover the policy limit and that the Missouri valued policy statutes do not apply to plaintiff's loss.

## II. **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but "must set forth specific facts," by affidavit or other evidence, showing that a genuine issue of material fact exists. *United of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Discussion

### A. Missouri Valued Policy Statutes

Plaintiff contends that the loss of Building 7 constitutes a total loss of the insured property and argues that the Missouri valued policy statutes require defendant to provide the full value of the policy. Defendant argues that plaintiff is not entitled to the policy limit as a matter of law, because the destruction to Building 7 does not constitute a total loss and is thus not covered by the valued policy statutes.

The Missouri valued policy statutes provide, in relevant:

> …and in case of total loss of the property insured, the measure of damage shall be the amount for which the same was insured, less whatever depreciation in value, below the amount for which the property is insured, the property may have sustained between the time of issuing the policy and the time of the loss…

Mo. Ann. Stat. § 379.140

> …the defendant shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured therein on said property covering both real and personal property; and provided further, that nothing in this section shall be construed to repeal or change the provisions of section 379.140.

Mo. Ann. Stat. § 379.160

Under Missouri law, the interpretation of an insurance policy is a question of law. *Midwest Reg'l Allergy v. Cincinnati Ins. Co.*, 795 F.3d 853, 856 (8th Cir. 2015) (citing *Schmitz v. Great Am. Assurance Co.,* 337 S.W.3d 700, 705 (Mo.2011)).

- 3 -

When any valued policy statute applies, the insurer is estopped from denying that the value of the insured property at the time the policy was written is equal to the amount of insurance for which the policy was written. *Polytech, Inc. v. Affiliated FM Ins. Co.*, 21 F.3d 271, 273 (8th Cir. 1994) (citing *Wells v. Missouri Prop. Ins. Placement Facility,* 653 S.W.2d 207, 210 (Mo.1983) (en banc)). The valued policy statutes do not apply, however, unless the loss is a total loss. *Harris v. Am. Modern Home Ins. Co.*, 571 F. Supp. 2d 1066, 1080 (E.D. Mo. 2008) (citing *JAM Inc.,* 128 S.W.3d at 893); *see also Wells v. Mo. Prop. Ins. Placement Facility,* 653 S.W.2d 207, 210 (Mo.1983). Missouri courts have defined total loss with regard to the valued policy statutes as follows: "[b]y a total loss is meant that the building has lost its identity and specific character as a building, and become so far disintegrated that it cannot be properly designated as a building although some part of it may remain standing." *Patriotic Ins. Co. of America v. Franciscus*, 55 F.2d 844, 849-50 (8th Cir.1932) (quoting *O'Keefe v. Liverpool & L. & G. Insurance Co.*, 41 S.W. 922 (Mo.1897)); *see also Stevens v. Norwich Union Fire Ins. Co.*, 96 S.W. 684, 688 (Mo.Ct.App.1906). Both of the Missouri valued policy statutes apply to "the property insured," thus the term total loss under Missouri law applies to all of the property insured. Mo. Ann. Stat. § 379.140; Mo. Ann. Stat. § 379.160. There is no dispute that the vast majority of the property insured under the policy was not damaged by the fire. Under Missouri law, the insured property as a whole must suffer a total loss, not simply a portion of the insured property as plaintiff suggests.

Plaintiff suggests that the issue of whether the damage to Building 7 constitutes a total loss from the fire is a disputed question of fact which should preclude summary judgment. However, plaintiff has not shown that the fire

damaged the entirety of the insured property covered under the policy so as to constitute a total loss of the property under the Missouri valued policy statutes. Thus, there is no dispute of a material fact in this matter. In *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 978–79 (8th Cir. 2016), the Eighth Circuit applying Missouri law cited *State Auto Prop. & Cas. Ins. Co. v. Boardwalk Apartments, L.C.,* 572 F.3d 511, 516 (8th Cir.2009), noting that the Kansas valued policy statute is analogous to the Missouri valued policy statutes. The Kansas valued policy statute requires the property insured to be wholly destroyed before the statute applies. *State Auto*, 572 F.3d at 516 (citing Kan. Stat. Ann. § 40-905(a)(1)). In *State Auto*, the Eighth Circuit rejected the application of the Kansas valued policy statute to an insured property when one building among a complex of eight was destroyed, finding that a property is not wholly destroyed within the meaning of the Kansas valued policy statute where one building in a group of buildings is destroyed. *Id.*

As in *State Auto*, plaintiff's loss of property in this matter does not constitute a "total loss" because only one building in a group of buildings was destroyed. Plaintiff argues *State Auto* should not apply because it involves Kansas law and a different valued policy statute. However, the difference plaintiff cites to contrast the two statutes is that the Kansas valued policy statute applies when property is wholly destroyed whereas the Missouri valued policy statutes apply in case of total loss. This is a distinction without a difference, as the property at issue here would not qualify as wholly destroyed or as a total loss under either state's valued policy statutes.

Both parties also present public policy arguments for their respective positions; however these arguments all center on the application of the Missouri valued policy statutes to plaintiff's loss of Building 7. The Court finds, as a matter of law, that the Missouri valued policy statutes do not apply here because there was no total loss of the entire apartment complex. Therefore, the public policy argument is moot.

### B. Blanket Coverage Endorsement

Plaintiff also contends that Building 7 was insured to the full Limit of Insurance under the policy's Blanket Coverage Endorsement. As defined by Missouri courts, a blanket insurance policy "invariably covers and attaches to every item of property described therein, so that if the loss of one item exhausts the whole amount of the policy the entire insurance must be paid, or, in other words a blanket policy is one which insures property collectively without providing in the event of a loss for a distribution of the insurance to each item." *Hale v. Cent. Mfrs. Mut. Ins. Co.*, 93 S.W.2d 271, 273 (Mo. Ct. App. 1936).

Under the policy in this case, the Limit of Insurance is $31,773,600 and applies "to all of the premises described in the Declarations of coverage." The declarations of coverage identify and describe 32 separate buildings, including Building 7. The Blanket Coverage Endorsement explicitly provides: "[t]he most we will pay for loss or damage in any one occurrence is the applicable Limit of Insurance shown in the Declarations." Nowhere does the policy require defendant to pay the full Limit of Insurance rather than the actual value of the damaged property.

Defendant argues that the blanket limit does not equate to the amount of loss here because only one of the 32 buildings covered under the policy was destroyed, and instead suggests that the loss calculation is determined by other provisions of the policy. Plaintiff appears to misconstrue the argument made by defendant, arguing that the Missouri valued policy statutes do not conflict with the blanket coverage endorsement. The Court has already determined that plaintiff's loss is not covered by the Missouri valued policy statutes. Furthermore, there is no conflict between the policy and the Missouri valued policy statutes; if plaintiff had suffered a total loss as defined by the Missouri valued policy statutes plaintiff would be entitled to the blanket limit as required. Here, plaintiff has only suffered a partial loss which does not implicate the Missouri valued policy Statutes.

Plaintiff also argues that Missouri law requires the parties to agree on the property value when the policy is issued. *Runny Meade Estates, Inc. v. Datapage Techs. Int'l, Inc.*, 926 S.W.2d 167, 170 (Mo. Ct. App. 1996) ("Missouri is a valued policy state in which the value of the property insured is agreed upon by the parties"). The parties do not disagree that Missouri law requires the parties to agree on the property value. Indeed, the policy clearly states that the insured property is valued at $31,773,600. Under the policy, the buildings collectively are insured for $31,773,600, not individually valued at that amount. Nothing in the policy or in Missouri law requires the parties are to agree to the value of each portion of the property insured. *Id.*

\* \* \* \* \*

For the reasons set forth above, the Court finds that there is no genuine issue of material fact as to whether plaintiff is entitled to recover the policy limit

under the Blanket Coverage Endorsement or whether plaintiff sustained a total loss under the Missouri valued policy statutes.  Therefore, the defendant is entitled to partial summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for partial summary judgment [Doc. #26] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of May, 2017.