UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORWOOD-REDFIELD APARTMENTS LIMITED PARTNERSHIP, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 4:16-cv-00639-AGF |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to enforce the Case Management Order ("CMO") (ECF No. 69). Defendant asks the Court to impose sanctions against Plaintiff for its four-day delay in filing certain pretrial materials and its eight-day delay in delivering to opposing counsel copies of its proposed exhibits and authenticating evidence. In response, Plaintiff asks the Court to excuse the delay, which it asserts was due to a calendaring error.

Plaintiff has also filed a motion asking the Court to determine that its responses to Defendant's August 5, 2016, requests for admission were timely or, alternatively, to retroactively extend the time for such responses to the date they were made, November 7, 2016. In response, Defendant argues that Plaintiff's motion is moot because Plaintiff only denied one of the requests for admission (Request No. 18), involving Defendant's alleged payment of $14,231 to Plaintiff for landscaping and asphalt repairs. Defendant

contends that, as Plaintiff has stipulated to the total amount of payments made by Defendant for the fire loss at issue in this case, and the parties have agreed that Plaintiff's claims are limited to an allegedly unpaid supervisory fee and construction management fee, the $14,231 payment is no longer at issue.

Upon careful consideration of the parties' arguments, the CMO, and the Federal Rules of Civil Procedure, and in light of the Court's extension of the trial date in this case, the Court will grant in part and deny in part Defendant's motion, and will grant Plaintiff's motion.

As to Defendant's motion, the Court will excuse Plaintiff's four-day delay in filing the pretrial materials it filed on February 16, 2018, and its eight-day delay in delivering copies of its proposed exhibits and authenticating evidence to Defendant. However, as Defendant notes, Plaintiff has still not filed any designations of deposition testimony, interrogatory answers, or responses to requests for admission to be offered in evidence. And Plaintiff has not requested additional time to do so. Therefore, the Court will grant Defendant's motion to the extent it seeks to prevent Plaintiff from offering in its case in chief any deposition testimony, interrogatory answer, response to request for admission, or other evidence not disclosed as of the date of this Memorandum and Order.

As to Plaintiff's motion, it is not clear to the Court that the motion is moot, particularly because Defendant has designated Request for Admission No. 18 as a response that it "may" elect to read at trial (ECF No. 62 at 7). Reaching the merits of the motion, the Court will construe it as one to withdraw or amend Plaintiff's admission. *See Quasius v. Schwan Food Co.*, 596 F.3d 947, 950-52 (8th Cir. 2010) (holding that an

untimely service of responses to requests for admission is deemed an admission and may be withdrawn only upon motion, but that a court may deem a motion to file answers out of time as such a motion to withdraw).  So construed, the Court will grant the motion, deem any admission to Request No. 18 withdrawn, and deem Plaintiff's response to amended to reflect Plaintiff's November 7, 2016 responses.

**IT IS HEREBY ORDERED** that Defendant's Motion to Enforce the Case Management Order is **GRANTED in part and DENIED in part**, as set forth above. ECF No. 69.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Determine Its Response to Request for Admissions Timely or, in the Alternative, for an Extension of Time is **GRANTED** as set forth above.  ECF No. 76.

Dated this 3rd day of April, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE